IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01008-WDM-KLM

A. BARRY HIRSCHFELD, JR.,

    Plaintiff,

v.

1111 TOWER LLC and
LAND TITLE GUARANTEE COMPANY,

    Defendants.

_____

## ORDER DENYING STAY
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant 1111 Tower LLC's **Motion to Stay Pending Arbitration** [Docket No. 17; Filed June 30, 2009] (the "Motion"). Plaintiff filed a Response in Opposition to the Motion on July 20, 2009 [Docket No. 25] and Defendant filed a Reply on August 7, 2009 [Docket No. 31]. Defendant seeks a stay pending the determination of its Motion to Dismiss and Compel Arbitration [Docket No. 16] and pending arbitration of the parties' dispute. The Motion to Dismiss and Compel Arbitration has not been referred to this Court for resolution.

    Stays are generally disfavored in this District. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unpublished decision). However, a stay may be appropriate in certain circumstances. The Court weighs several factors in making a determination regarding the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (unpublished decision) (denoting a five-part test). The Court

considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general. *Id.* Here, those factors weigh against entry of a stay.

First, the Court notes that Plaintiff opposes a stay and expresses an interest in proceeding expeditiously with his case. This is a reasonable position, as I have generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed. As such, delay may diminish Plaintiff's ability to proceed and may impact his ability to obtain a speedy resolution of his claims. Second, in contrast, Defendant does not suggest any *undue* burden in proceeding with the case. The ordinary burdens associated with litigating a case do not constitute undue burden. *See Collins v. Ace Mortgage Funding, LLC*, 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008) (unpublished decision). Although Defendant has a pending Motion to Dismiss and Compel Arbitration which, if successful, justifies the imposition of a stay during the pendency of the arbitration, the Motion is not based on grounds typically warranting the imposition of a stay. More specifically, while Courts have frequently imposed a stay when compelling issues relating to jurisdiction or immunity have been raised, cf. *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving traditional jurisdictional issue), a stay is only required *after* a determination has been made that the parties have a valid arbitration agreement. 9 U.S.C. § 3 (stay only required by Court "upon being satisfied that the issue involved ... is referable to arbitration"); *see also*

*Qualcomm Inc. v. Nokia Corp.,* 466 F.3d 1366, 1370 (Fed. Cir. 2006) (if district court satisfied issue involved is arbitrable, then it must grant stay); *Houlihan v. Offerman & Co., Inc.*, 31 F.3d 692, 695 (7th Cir. 1994) (federal court must stay proceedings once it determines that dispute falls within scope of valid arbitration agreement).  As the Motion to Dismiss and Compel Arbitration [#16] is not referred to me, I take no position as to Defendant's likelihood of success.  On balance, the Court finds that consideration of the first two *String Cheese Incident* factors weighs against the imposition of a stay in this case.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general.  None of these factors prompts the Court to reach a different result.  The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable.  This is particularly true when the stay is tied to a pending motion on which ultimate success is not guaranteed.  While the Court identifies no particular interest of persons not parties in the litigation, the Court identifies a strong interest held by the public in general regarding the prompt and efficient handling of all litigation.  Under these circumstances, the Court finds that a stay of the case is not warranted.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**

Dated:  August 24, 2009

                                                BY THE COURT:

                                                  s/ Kristen L. Mix
                                                United States Magistrate Judge
                                                Kristen L. Mix